IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON DARNELL PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-00289 |
| ) | |
| MELINDA STEPHENS and ) | Judge Sharp |
| WILLIAM STEWART, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Brandon Darnell Peters, a pretrial detainee held in the Montgomery County Jail in Clarksville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1), along with an Application to Proceed *in Forma Pauperis* (ECF No. 2). The application, however, is not accompanied by a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of *each* prison at which the prisoner is or was confined" during that 6-month period, as required by 28 U.S.C. § 1915(a)(2) (emphasis added).

Accordingly, the plaintiff is **DIRECTED** to submit his trust fund account statement(s) from each institution in which he has been housed during the six-month period preceding the filing of his complaint, in compliance with § 1915(a)(2). The plaintiff's submission must state the docket number of this case on its face (No. **3:12-cv-289**). The Court may not address the merits of the plaintiff's application, or his complaint, until the trust fund account statements have been filed.

The plaintiff **MUST** submit the documentation requested within **30 days** of the date of entry of this order on the docket. The plaintiff's failure to do so, or alternatively to request an extension of time for doing so, within that 30 day period may result in the dismissal of the plaintiff's claims for failure to prosecute and failure to comply with court order.

It is so **ORDERED**.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge