IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRANDON DARNELL PETERS,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　) Case No. 3:13-cv-00289
　　　　　　　　　　　　　　　　　)
MELINDA STEPHENS and　　　　　　　) Judge Sharp
WILLIAM STEWART,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　)

**MEMORANDUM OPINION**

Plaintiff Brandon Darnell Peters is a detainee at the Montgomery County Jail in Clarksville, Tennessee. The plaintiff has filed a *pro se* complaint (ECF No. 1) under 42 U.S.C. § 1983. The complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.　　FACTUAL ALLEGATIONS**

According to the complaint and the grievance forms attached to it, when the plaintiff was booked into the Montgomery County Jail ("Jail") on February 10, 2013, he was suffering from a gun-shot wound to his ankle. The plaintiff claims he has broken bones and that a bullet is still lodged in his ankle. The Emergency Department of the hospital where he had received treatment wanted him to stay several nights in the hospital but, due to outstanding warrants, the plaintiff was in the hospital for only about two hours before being transported to the Jail. At the Jail, the plaintiff was put on antibiotics and pain medication.

On February 18, 2013, the plaintiff was seen by Dr. William Stewart, a doctor at the Jail. Dr. Stewart concluded that the wound was infected and sent the plaintiff back to the hospital, where he stayed for three days. He was treated with stronger antibiotics.

On February 23, 2013, when the plaintiff had been back at the Jail for a few days, his leg swelled up because the nurses/doctors at the Jail "would not provide proper essentials to elevate [the plaintiff's] leg." (ECF No. 1, at 18.) On the same day, the plaintiff was taken off prescription pain medication and

placed on Tylenol and ibuprofen by the Jail medical staff. The plaintiff insists that these medications were not strong enough, and he was in severe pain after being taken off prescription pain medication.

The plaintiff was prescribed antibiotics at the hospital, which he continued to take once he was back at the Jail. The antibiotics were prescribed to be taken with food, but for a week after the plaintiff was back at the Jail, he was not permitted to take a snack with the antibiotics. The plaintiff claims the "Doctors had the antibiotics eat at my stomach for a week before any action was taken." (ECF No. 1, at 18.)

On March 9, a rash formed around the bullet wound and the plaintiff put in a sick-call, but no action was taken. The plaintiff put in a sick call the next day as well, claiming the rash was spreading and pus was oozing from the wound. He was seen by a medical provider at the Jail on May 11 and put back on antibiotics. (ECF No. 1, at 19.)

On March 13, the plaintiff complained that the bones in his ankle were "shifting around." (*Id.*) Dr. Stewart put him back on pain medication. (*Id.*)

On March 20, the plaintiff saw Dr. Stewart again, who scheduled an appointment for the plaintiff with a specialist at Vanderbilt. However, he took the plaintiff off prescription pain medication and put him back on ibuprofen and Tylenol. The plaintiff asserts that he has been "suffering since." (*Id.*) The plaintiff put in sick calls on March 21, 22, 23, and 24 for "pain and suffering," but no action was taken. (ECF No. 1, at 20.) He put in a sick call again on March 25 and was seen by Nurse Ison, who "snap[ped]" at the plaintiff "about being in a jail facility," and told him he was lucky to have gotten any pain medication at all. (*Id.*) The plaintiff continued to complain about pain, but was told by Nurse Ison she could not do anything for him until he went through surgery.

The plaintiff complains that, since he has been back at the Jail, his medical condition has deteriorated, and he has not seen an orthopedic doctor or foot specialist, and has not been sent for physical therapy or follow-up appointments. He asserts that he is "not getting proper treatment," and that despite being incarcerated, he has the "right to get treated [for] any medical condition." (ECF No. 1, at 18.)

The plaintiff states that he brings this action under 42 U.S.C. § 1983 for violation of his right to proper treatment and medical assistance under the Due Process Clause and the Equal Protection Clause

of the Fourteenth Amendment. He seeks compensatory damages in the amount of $50,000 plus reimbursement of out-of-pocket expenses.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against

entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

A. **Due Process Claim**

It appears that the plaintiff is a pretrial detainee rather than a convicted prisoner. "Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). "Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).

"The Eighth Amendment prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' towards the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Fourteenth Amendment "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004). Thus, although the Eighth Amendment is not directly applicable to the plaintiff as a pretrial detainee, its deliberate-indifference standard is to be applied under the Fourteenth Amendment.

A deliberate-indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.2d at 702 (citing *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the

inference, and that he then disregarded the risk." *Id.* Thus, "negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution, [but] failure to provide adequate treatment is a violation of the [E]ighth [A]mendment when it results from 'deliberate indifference to a prisoner's serious illness or injury.'" *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Estelle*, 429 U.S. at 106).

In the present case, the plaintiff alleges that he has a gun-shot wound and broken bones in his ankle, which certainly qualifies on initial review as an objectively serious condition. The plaintiff's allegations, however, do not suggest that the prison officials whom the plaintiff sues knew of and disregarded an excessive risk to the plaintiff's health or safety. To the contrary, the plaintiff's allegations show that he has been seen and treated by the medical staff at the Jail on numerous occasions (at least 7 times between his booking on February 10 and March 25); he has received antibiotics and both prescription and non-prescription pain medication; he was sent to Vanderbilt Hospital where he stayed for several days, when it was determined that his wound was infected; and he has either already seen or is scheduled to see a specialist at Vanderbilt for follow-up care. The plaintiff apparently believes the care he has received by the Jail medical staff has been inadequate and he disagrees with the course of treatment followed at the Jail. However, his allegations do not suggest that the Jail medical staff has failed to treat him or been deliberately indifferent to his medical needs. The standard applied in reviewing the actions of prison doctors and medical staff in this type of case is deferential. *Inmates of Allegheny Cnty. Jail*, 612 F.2d at 762. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

In this case, the dispute clearly concerns the adequacy of treatment. The plaintiff's allegations do not support a claim based on deliberate indifference to his serious medical needs. The complaint therefore fails to state a due-process claim under the Fourteenth Amendment.

B. **Equal-Protection Claim**

The plaintiff does not state the basis for his equal-protection claim, but the Court presumes that

he intends to allege that he has been subjected to some form of discrimination with regard to the medical treatment he has received. To state an equal-protection claim based on discriminatory acts, a § 1983 plaintiff "must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). Further, conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983; some factual basis for the claim must be set forth in the pleadings. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (citation omitted).

The Sixth Circuit holds that prisoners are not a "protected class" for equal protection purposes. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 441 n.1 (6th Cir. 2008) (noting that, "to the extent [the plaintiff] advance[d] an equal protection argument under the Fourteenth Amendment," such claim failed because the plaintiff "failed to allege or identify his membership in a protected class," and prisoners were not a "protected class" for equal-protection purposes). The plaintiff here has not alleged any facts suggesting that he is a member of a protected class or that other persons who are similarly situated but not in a protected class received different treatment than he did. Because he does not allege any other facts indicating that the defendants intentionally discriminated against him on the basis of his membership in a protected class, the plaintiff's equal-protection claim under the Fourteenth Amendment will also be dismissed.

IV. **CONCLUSION**

For the reasons set forth herein, the complaint will be dismissed in its entirety for failure to state a claim for which relief may be granted. An appropriate order will enter separately.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge