IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRANDON DARNELL PETERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00289 |
| ) | |
| **MELINDA STEPHENS and** ) | Judge Sharp |
| **WILLIAM STEWART,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

Plaintiff Brandon Darnell Peters, an individual currently detained or incarcerated at the Montgomery County Jail in Clarksville, Tennessee, has filed a *pro se* complaint in this action (ECF No. 1). Presently before the Court is the plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2, supplemented by ECF No. 6). In addition, the complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A. **Application to Proceed as a Pauper**

Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Montgomery

County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **must** ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be sent to the Clerk of Court for the Middle District of Tennessee.

B. Initial Review of the Complaint

For the reasons set forth in the Memorandum Opinion filed herewith, the Court finds that the complaint fails to state a colorable claim under 42 U.S.C. § 1983 based on alleged violations of the plaintiff's rights under the due-process and equal-protection clauses of the Fourteenth Amendment. The complaint is therefore **DISMISSED WITH PREJUDICE** under the authority of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge